IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| | : | **NO. 04-659** |
| **v.** | : | |
| | : | |
| **LAMONT COKER** | : | |

**MEMORANDUM OPINION**

Savage, J.                                                                                                       December 3, 2008

        The defendant, who was convicted of possession of a firearm by a convicted felon and sentenced as an armed career criminal, has filed a *pro se* motion under 28 U.S.C. §2255. He argues that his attorney was ineffective at sentencing because he had failed to investigate and challenge the defendant's prior convictions that were used to categorize him as an armed career criminal, thus enhancing his sentence[1]. Essentially, the defendant's argument is that the prior drug convictions were not for "serious drug offenses" and should not have been counted as prior convictions for armed career criminal purposes.

        The defendant's argument has no merit. More importantly, the Third Circuit has already deemed his sentence legal, specifically ruling that the three prior drug convictions had been properly counted in characterizing him as a career criminal. *United States v. Coker*, 223 Fed. Appx. 136 (3d Cir. 2007). He cannot re-litigate the same issue that has already been determined by the appellate court. Therefore, his motion will be denied.

---

[1]The Armed Career Criminal Act imposes a mandatory minimum 15 year prison term on a defendant convicted of possessing a firearm under 18 U.S.C. §922(g)(1). 18 U.S.C. §924(e).

The defendant was charged with a single count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1). After a hearing, the defendant's motion to suppress evidence of the gun that was recovered by the police from the glove compartment of a vehicle in which he was an occupant was denied.[2] The defendant then entered a conditional guilty plea, preserving his right to appeal the denial of his suppression motion and the sentencing proceedings.

On August 23, 2005, after taking into consideration the advisory guideline range and the factors set forth in 18 U.S.C.§3553(a), I sentenced the defendant to 191 months in prison. As an armed career criminal, the defendant's sentencing guideline range was 210 - 262 months imprisonment. Thus, his sentence varied below the advisory guideline range.

The defendant filed a timely notice of appeal to the Third Circuit Court of Appeals, raising the issues he had preserved at the time of his guilty plea. The appellate court affirmed the conviction, rejecting the defendant's arguments that the firearm and his statements to the police should have been suppressed, and that the evidence was insufficient to classify him as an armed career criminal.

Now, in the guise of an ineffectiveness of counsel claim, the defendant renews his challenge to his having been sentenced as an armed career criminal. He contends that his counsel should have investigated the three predicate drug convictions and should have argued that they were not "serious drug offenses," qualifying him as an armed career criminal.

The Third Circuit determined that the prior three drug convictions had been proven

---

[2]The facts surrounding the defendant's arrest and the search of the vehicle are set forth in the Memorandum Opinion of August 22, 2005 and the Findings of Fact. *See* Docket Nos. 35 and 36. Thus, they will not be repeated here.

at sentencing by the certified copies of judgments of conviction from the state court.  As the Third Circuit concluded, "The information provided in these documents 'enabled the district court to ascertain with certainty the statutes of conviction [35 Pa. Cons. Stat. §780-113(a)(3)] and [that] the statutes of conviction encompass only conduct that falls within the definition of 'serious drug offense.'" (citing *United States v. Watkins*, 54 F. 3d 163, 168 (3d Cir. 1995)).  Accordingly, the appellate court found that reliance on the judicial records alone was sufficient to determine the defendant's status as an armed career criminal.

An ineffective assistance of counsel claim is evaluated under the two-step *Strickland* test which considers whether counsel's performance was so deficient as to constitute a denial of counsel; and, if so, whether the alleged errors prejudiced the defendant by depriving him of a fair proceeding.  *Strickland v. Washington*, 466 U.S.668, 687 (1984).

Here, the defendant cannot demonstrate that his attorney's performance was deficient or that he suffered any prejudice as a result of his counsel's not arguing that the prior drug convictions were not "serious" predicate offenses[3].  As the Third Circuit found, the certified copies of judgment relied upon at sentencing were sufficient to show that the three prior drug convictions qualified as serious ones under the armed career criminal framework.

Had counsel objected to the sentencing court's reliance on the state court's records, the objection would have been rejected.  Counsel cannot be considered ineffective for not making meritless arguments*.  United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Furthermore, there was nothing for counsel to investigate.  The information required to

---

[3] A "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. §924(e)(2)(A)(ii).

make a determination as to whether the prior convictions qualified as predicate serious drug offenses was contained in the court records.  Therefore, the claim of ineffectiveness of counsel will be denied.

## Conclusion

The defendant's petition is an improper attempt to re-litigate an issue already decided by the Third Circuit Court of Appeals.  Furthermore, he was not denied effective assistance of counsel at his sentencing.  Therefore, his motion will be denied.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| | : | **NO. 04-659** |
| **v.** | : | |
| | : | |
| **LAMONT COKER** | : | |

## ORDER

**AND NOW**, this 3rd day of December, 2008, upon consideration of the *Pro Se* Motion to Vacate/Set Aside/Correct Sentence under 28 U.S.C. §2255 (Document No. 47), the government's response and the defendant's reply, it is **ORDERED** as follows:

1. The defendant's motion is **DENIED**, and

2. The defendant having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.


                                                 /Timothy J. Savage
                                        TIMOTHY J. SAVAGE,  J.